Norbert C. Marek, Jr. Wabaunsee County Attorney Wabaunsee County Courthouse 215 Kansas Street, PO Box 278 Alma, Kansas 66401
Dear Mr. Marek:
As county attorney for Wabaunsee County, you inquire whether the Register of Deeds is obligated to record an agreement assigning the rights to conservation reserve program (CRP) payments. If the Register of Deeds is obligated to do so, you inquire whether a mortgage registration tax is required. You note that neither the original contract for CRP payments has been filed nor a mortgage registration tax paid pursuant to K.S.A. 79-3102(a).
The Register of Deeds is required to record "all deeds, mortgages, [and] instruments . . . authorized by law to be recorded."[1] K.S.A.58-2221 authorizes recordation of "every instrument . . . whereby real estate may be affected." "Affected" refers to affecting the title to real estate.[2] Therefore, the issue is whether an agreement assigning the rights to CRP payments is an instrument affecting title to real estate.
In order to make this determination, it is necessary to understand the conservation reserve program. This program, administered by the United States Secretary of Agriculture, is designed to assist owners and operators of highly erodible cropland and some marginal pasture land in conserving and improving the soil, water and wildlife resources of such land.[3] To be eligible a participant must agree to take erodible acreage out of commercial production for ten years and implement approved conservation practices necessary to establish permanent vegetative cover.[4] In return, the government contractually agrees to pay the farmer rental and cost sharing payments to compensate the participant for placing eligible cropland in the CRP.[5] An assignment of the right to receive such cash payments, in whole or in part, is specifically allowed.[6] The participant is required to provide a Department of Agriculture representative access to the land and to records in order to determine compliance with terms and conditions of the CRP contract.[7] If during the term of the contract, the participant either loses control or transfers all or part of the land subject to the contract, and the new owner does not wish to continue the contract, the contract is terminated.[8]
Although a CRP contract has been described as a leasehold interest and the contract payments denominated as "rents,"[9] the contract has also been determined not to be a leasehold interest.[10]
In In re Isenbart, [11] the court discussed the general nature of CRP payments as being annual payments from the government to farmers for non-use of their land. At times, the land is diverted for a specific use but the terms in general require "compliance with certain agricultural conservation practices." At no time, however, does the government have possession of the land or access to the land.[12] TheIsenbart court noted that should a breach of the agreement occur, the annual payments are refunded in their entirety, which is unlike any other rental agreement. Moreover, the agreement does not "run with the land" because a new owner is not required to perform under the existing CRP agreement and "[s]imilar contracts providing for government entitlements have been classified as either general intangibles or accounts."[13] Based upon this analysis and in the absence of guidance from the Kansas appellate courts, a CRP contract is not an instrument affecting title to real property. Accordingly, an assignment of rights under such contract is not subject to recordation with the register of deeds and, thus, no mortgage registration tax is required.
Sincerely,
 Steve Six Attorney General
 Teri Canfield-Eye Assistant Attorney General
SS:MF:TCE:jm
[1] K.S.A. 19-1204(a). Emphasis added.
[2] Luthi v. Evans, 233 Kan. 622, 629 (1978).
[3] 16 U.S.C. ***sect; *** 3831(a).
[4] 16 U.S.C. ***sect; *** 3832; 7 U.S.C. ***sect; *** 1410.7; 7 C.F.R. ***sect; *** 1420.
[5] 16 U.S.C. ***sect; *** 3834; 7 C.F.R. ***sect; *** 1420.21.
[6] 7 C.F.R. ***sect; *** 1410.58.
[7] 7 C.F.R. ***sect; *** 1410.55.
[8] 7 C.F.R. ***sect; *** 1410.32(f); 7 C.F.R. 1410.51(a).
[9] In re Zweygardt, 149 B.R. 673 (D. Kan. 1992).
[10] In re Isenbart, 255 B.R. 62 (Bankr. D. Kan. 2000); Reimann v.United States, 196 F. Supp.134 (E.D. Ia. 1961); see 7 C.F.R. 1410.3
(Under the CRP, the government may enter into contracts with participants to convert eligible land to a conserving use during the contract period in return for financial and technical assistance. In other words, not conferring rights normally associated with a lease but a bargain for bargain associated with contract rights.)
[11] 255 B.R. 62 (Bankr. D. Kan. 2000).
[12] Isenbart, 255 B.R. at 64-66.
[13] Isenbart, 255 B.R. at 66-67.